**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RONALD RUBEN GUTIERREZ TOALA,

        Petitioner,

    v.

WARDEN,

        Respondent.

Civil Action No. 26-5068 (ZNQ)

**MEMORANDUM OPINION**

**QURAISHI, District Judge**

This matter comes before the Court on Petitioner Ronald Ruben Gutierrez Toala's habeas petition (ECF No. 1) challenging his ongoing immigration detention. Following an order to show cause, the Government filed a response to the petition (ECF No. 6), to which Petitioner replied. (ECF No. 9.) Also before the Court is Petitioner's motion seeking an immediate ruling in this matter. (ECF No. 10.) For the following reasons, the petition is granted, and Petitioner shall be released. Petitioner's motion seeking an immediate ruling shall be denied without prejudice as moot.

Petitioner is a native and citizen of Ecuador who entered the United States without admission or inspection in October 2023. (ECF No. 8-1 at 1-2.) On October 7, 2023, Petitioner was encountered by border patrol in Arizona. (*Id.* at 2.) Although Petitioner was briefly detained, he was ultimately released from custody and placed on DHS's CART monitoring program. (*Id.*) Although Petitioner appears to have largely complied with the requirements of this program, he missed three reporting dates in November 2025 and February 2026. (*Id.*) Petitioner was thereafter

1

taken into custody and placed into detention without an opportunity for bond on May 4, 2026. (*Id.*)  Petitioner has no known criminal history in the United States.  (*Id.* at 3.)

The Government argues in this matter that Petitioner is lawfully detained as an applicant for admission under 8 U.S.C. § 1225(b)(2).  (*See* ECF No. 8.)  The Government recognizes, however, that its position "relies on the same statutory-interpretation arguments," (ECF No. 8 at 2), this Court has repeatedly rejected in finding that § 1225(b)(2) does not apply to aliens who have resided within the United States for a lengthy period of time after crossing the border without being admitted or paroled.  *See, e.g., Valerio v. Joyce*, No. 25-17225, 2025 WL 3251445 (D.N.J. Nov. 21, 2025); *see also Hueso v. Soto*, No. 26-1455, 2026 WL 539271, at 3 (D.N.J. Feb. 26, 2026); *Tyagi v. Soto*, No. 26-962, 2026 WL 478184, at *1 (D.N.J. Feb. 20, 2026).  As Petitioner clearly falls into this category as he is an alien who entered the United States without admission or inspection and remained in the United States for three years prior to being taken into custody, he may not be held under 8 U.S.C. § 1225(b)(2).  *See, e.g., Valerio*, 2025 WL 3251445, at *3. Petitioner's continued mandatory detention under § 1225(b)(2) is therefore unlawful.  *Id*. Petitioner's habeas petition shall therefore be granted.

Turning to the question of the appropriate relief, the Government argues that the Court should provide Petitioner only with the bond hearing to which he would have been entitled had he been taken into custody under 8 U.S.C. § 1226(a).  *See, e.g., Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018) (potentially removable aliens not subject to mandatory detention statutes are subject to detention under 8 U.S.C. § 1226(a) under which they are entitled to a bond hearing at which they can secure bond by demonstrating they are neither a flight risk or danger).  Notwithstanding that Petitioner may be subject to the provisions 8 U.S.C. § 1226(a) if properly taken into custody under that statute in the future, the Government did not take

2

Petitioner into custody under § 1226(a), nor has it provided Petitioner with the procedural protections available to aliens under § 1226(a), including a proper bond hearing at which release on bond is a live possibility. As this Court has explained,

> It is not incumbent upon the Court to fix the Government's flawed application of § 1225(b)(2) by converting Petitioner's detention into a potentially lawful alternate form under a different statute with different procedural requirements and rules. This is especially so in light of the Government's . . . continued employment of an oft rejected legal position. *See Hueso*, 2026 WL 539271, at *3-4. Because the Government has only sought to detain Petitioner under 8 U.S.C. § 1225(b)(2), and he is clearly not subject to detention under that statute, and as that statute clearly does not apply to Petitioner, the Government [must] release Petitioner from custody immediately.

*Fajardo-Nugra v. Soto*, No. 26-975, 2026 WL 579192, at *2 (D.N.J. Mar. 2, 2026).

Petitioner's habeas petition (ECF No. 1) shall therefore be granted, and the Government shall release Petitioner immediately.[1] As Petitioner's habeas petition shall be granted, his motion seeking an immediate decision (ECF No. 10) shall be denied without prejudice as moot. An order consistent with this Memorandum Opinion will be entered.

Date: June 12, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court is mindful that Petitioner did on three occasions fail to report as required by the CART program in which he was previously enrolled. This fact alone, however, is insufficient to warrant depriving Petitioner of release in this matter as the Government has not shown that the prior violations were in any way relevant to the applicability of § 1225(b)(2) to Petitioner. Should the Government eventually choose to take Petitioner back into custody under the only statute which could apply to him - § 1226(a) – after the expiration of the terms of this Court's order directing Petitioner's release and preventing his re-detention for fourteen days, the Government is free to consider those violations in determining the appropriate bond, if any, to apply to Petitioner.

3